UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA P. THOMPSON,<br><br>　　　Plaintiff,<br><br>v.<br><br>CHEATHAM COUNTY JAIL, et al.,<br><br>　　　Defendants. | Case No. 3:18-cv-00227<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:　　The Honorable William L. Campbell, Jr., District Judge

### REPORT AND RECOMMENDATION

In this civil rights action, pro se and *in forma pauperis* Plaintiff Joshua P. Thompson alleges that, while he was incarcerated as a pretrial detainee at the Cheatham County Jail (CCJ), he was denied medication and medical treatment needed to control his disabling mental health conditions. (Doc. No. 1.) The only remaining defendant in this action is CCJ Sheriff Breedlove, who has not been served. Thompson has not responded to this Court's order requiring him to show cause why this action should not be dismissed under Federal Rule of Civil Procedure 4(m) due to Thompson's failure to effect service of process on Breedlove or under Rule 41(b) for failure to prosecute. (Doc. No. 9.) Accordingly, the Magistrate Judge will recommend that this action be dismissed without prejudice under Rules 4(m) and 41(b).

**I.　　Factual and Procedural Background**[1]

Thompson suffers from "bipolar 1 disorder, anxiety disorder, severe anxiety [and] panic disorder, PTSD, hypertensive disorder, and viral hep[atitis] C" and takes medication to control his

---

[1]　　The facts in this section are drawn from Thompson's complaint (Doc. No. 1) and taken as true.

symptoms. (Doc. No. 1, PageID# 5.) In his complaint, Thompson alleges that he was denied those medications while incarcerated as a pretrial detainee at the CCJ in early 2018. (Doc. No. 1.) The CCJ staff denied Thompson his medications despite having them available (thanks to a delivery from Thompson's family) and despite receiving a fax from Thompson's doctor confirming Thompson's diagnoses and prescriptions. (*Id.*) After thirty-five days, Thompson finally received "one pill," but it was for paranoid schizophrenia, a disorder from which Thompson does not suffer. (*Id.* at PageID# 5.) Thompson filed this action under 42 U.S.C. § 1983 on February 22, 2018, asserting Eighth Amendment claims against the CCJ and Sheriff Breedlove in his official capacity. (Doc. No. 1.) Thompson seeks injunctive relief and $1,000,000.00 in damages. (*Id.*)

After screening Thompson's complaint under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court allowed only Thompson's official-capacity claim against Breedlove to proceed. (Doc. No. 6.) The Court ordered Thompson to complete and return a service packet for Breedlove by May 15, 2018, so that process could issue. (*Id.*) Thompson did not return a completed service packet by that deadline. On June 4, 2018, Thompson filed a motion to appoint counsel (Doc. No. 7), which the Court denied without prejudice to renewal if warranted by future developments in the case (Doc. No. 8). On June 6, 2018, the Court received an incomplete service packet from Thompson. Five days later, the Court mailed Thompson a second service packet with instructions for its completion.

On December 3, 2018, the Court found that Thompson had still not returned a completed service packet and ordered him to show cause why this action should not be dismissed for failure to effect service of process under Rule 4(m) or for failure to prosecute under Rule 41(b). (Doc. No. 9.) The Court warned Thompson that failure to respond to the order would likely result in a

recommendation that this action be dismissed. Thompson never responded to the show-cause order.

## II.     Legal Standard

### A.     Rule 4(m)

"[T]he requirement of proper service of process 'is not some mindless technicality,'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Developer Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes

the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Absent either showing, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

### B. Rule 41(b)

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the

defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

### III. Analysis

#### A. Failure to Effect Service of Process

Thompson has not responded to the Court's show-cause order regarding his failure to serve Breedlove and has not otherwise shown good cause to further extend the service deadline. In considering whether to nonetheless exercise discretion to permit untimely service, the Court may consider a number of factors, including whether:

> (1) a significant extension of time [is] required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant ha[s] actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff ha[s] made any good faith efforts at effecting proper service of process.

5

*Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001).

On balance, those factors do not weigh in favor of a further extension of the service deadline in this case. Thompson's § 1983 claim would likely be time-barred if he raised it in a new action,[2] and there is no indication that Breedlove would be unduly prejudiced by a further extension of the service deadline. Although those factors might counsel in favor of an additional extension, *see id.* at 326, the others do not. This lawsuit was filed more than nineteen months ago, and therefore any additional extension would be "significant." *Id.* Further, there is no indication that Breedlove ever received notice of the lawsuit. Finally, Thompson has not made good faith efforts to effect service of process—Thompson returned an incomplete service packet to the Court and then failed to remedy that deficiency after receiving another service packet with instructions. Thompson then ignored the Court's show-cause order, passing up an opportunity to explain why he had not yet returned a completed service packet. It would be inappropriate for the Court to grant Thompson additional time to effect service of process when he has done nothing to indicate that he wants that outcome. Dismissal without prejudice is therefore warranted under Rule 4(m).

### B.     Failure to Prosecute

Thompson ignored the Court's show-cause order and has not filed anything since June 2018, unduly delaying this action. Turner's official-capacity claim against Breedlove should therefore be dismissed without prejudice.

---

[2]     Section 1983 claims are governed by the state-law statute of limitations for personal-injury torts. *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 124 (2005); *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). In Tennessee, actions for "injuries to the person" must be filed within one year after the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(1)(A); *see also Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016) (citing *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000)). Thompson's § 1983 claim against Breedlove stems from events that took place in early 2018, almost two years ago.

### 1. Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). Thompson actively participated in this litigation through June 4, 2018 (Doc. Nos. 1, 2, 4, 7), showing that, when he chooses to, he is able to prosecute his claim. Even if Thompson's failure respond to the Court's show-cause order was not driven by bad faith, that failure still reflects "willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see id.* (explaining that, "[e]ven where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault"); *see also Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017) (finding that plaintiff was at fault for failing to respond to court's show-cause orders). This factor supports dismissal.

### 2. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]"

such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained that "[i]f such efforts . . . [were] alone sufficient to establish prejudice" for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, because Breedlove has not been served, he has not wasted any time, money, or effort as a result of Thompson's failure to prosecute. This factor weighs against dismissal.

### 3. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Id.* at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court expressly warned Thompson that failure to respond to the show-cause order could lead to dismissal. (Doc. No. 9.) This factor supports dismissal. *Schafer*, 529 F.3d at 740; *see also Wright*, 2013 WL 1729105, at *3 (granting motion to dismiss for failure to prosecute where Court's orders to show cause warned plaintiff "that her conduct could result in dismissal").

### 4. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is the appropriate result here.[3] Dismissal without prejudice balances the Court's interest in "sound judicial case and docket

---

[3] Because Thompson's claim would likely be time-barred if he asserted it in a new action, the dismissal without prejudice here could be viewed as a de facto dismissal with prejudice. *See Bowles v. City of Cleveland*, 129 F. App'x 239, 243 (6th Cir. 2005) (finding that "the district court effectively dismissed the [plaintiff's federal] claim with prejudice" where that claim would have been time-barred if refiled); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 367 (6th Cir. 1999) (Moore, J., dissenting) (explaining that dismissal without prejudice of a claim that would likely be time-barred if raised in a new proceeding is "indistinguishable from a dismissal with prejudice and should be treated as such"). This would not change the outcome. Thompson twice failed to complete and return a service packet for the only defendant in this action and then ignored the Court's show-cause order. Given that record of delay and Thompson's apparent abandonment of

8
Case 3:18-cv-00227   Document 10   Filed 10/15/19   Page 8 of 9 PageID #: 42

management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5. That sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Mulbah*, 261 F.3d at 591 (noting that the four-factor test is applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal").

**IV.     Recommendation**

For the foregoing reasons, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rules 4(m) and 41(b).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 11th day of October, 2019.

*[signature]*
ALISTAIR E. NEWBERN
United States Magistrate Judge

---

this action, any sanction other than dismissal would be futile. *See Crawford v. Beaumont Hosp.-Wayne*, No. 17-1305, 2017 WL 4182098, at *3 (6th Cir. Sept. 12, 2017) (affirming dismissal with prejudice under Rule 41(b) where district court had "repeatedly extended the deadline for [plaintiff to file a response to defendant's motion to dismiss] and clearly warned [plaintiff] that failure to comply could result in dismissal of her complaint").